**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUPERT FLOWERS, | ) Case No.: 1:16-cv-01363-AWI-BAM (PC) |
| Plaintiff, | ) |
| | ) FINDINGS AND RECOMMENDATIONS |
| | ) RECOMMENDING DENIAL OF MOTION FOR |
| v. | ) PRELIMINARY INJUNCTION AND |
| | ) TEMPORARY RESTRAINING ORDER |
| DAVE DAVEY, et al., | ) |
| | ) (ECF No. 6) |
| Defendants. | ) |
| | ) |
| | ) **FOURTEEN (14) DAY DEADLINE** |
| | ) |
| | ) |

**FINDINGS AND RECOMMENDATION**

I.      **Background**

Plaintiff Rupert Flowers ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on September 15, 2016, while incarcerated at Corcoran State Prison.

On September 26, 2016, Plaintiff filed a motion for preliminary injunction and temporary restraining order.  (ECF No. 6.)

On December 6, 2016, Plaintiff's first amended complaint was filed.  (ECF Nos. 10.)

On April 28, Plaintiff filed a Notice of Change of Address, which indicated that he had been moved to the California Substance Abuse Treatment Facility.  (ECF No. 16.)

1

On July 14, 2017, the Court screened Plaintiff's first amended complaint and dismissed it with leave to amend within thirty days. (ECF No. 7.)

Plaintiff's motion for a preliminary injunction and temporary restraining order is currently before the Court.

## II.    Motion for Preliminary Injunction

Plaintiff seeks a preliminary injunction and temporary restraining order "to have defendants abstain from delaying, denying or interfering with Plaintiff's medical care that has been prescribed by a physician and to have Plaintiff receive septoplasty and endoscopic sinus surgery as have already been recommended and requested by several previous doctors." (ECF No. 6.)  In support, Plaintiff provides a brief summary of the facts in support of his motion.

Plaintiff asserts that he was assaulted by prison staff on December 3, 2014, which resulted in a fractured right mandible (jaw).  He was sent to San Joaquin Community Hospital and, due to conflicting opinions, his injury went untreated.  Having no relief from his jaw pain, additional x-rays were completed on December 9, 2014, and indicated a right mandibular fracture.  Plaintiff was sent to San Joaquin Hospital a second time, but the injury went untreated due to conflicting opinions.  The hospital surgeon, Dr. Michael Freeman, did warn, however, that complications and infections could arise in the future.

Beginning in February 2015, Plaintiff began experiencing complications such as nasal congestion, loss of smell, loss of taste, labored breathing and headaches.  On August 3, 2015, Plaintiff underwent a CT scan, which showed infection.

On October 19, 2015, Plaintiff was examined by an ear, nose, and throat specialist, Dr. Stillwater.  Dr. Stillwater confirmed that Plaintiff's medical condition could be related to the trauma sustained in December 2014.

On December 7, 2015, Plaintiff underwent a second CT scan, which showed pansinus disease and near complete opacification of ethmoid air cells.

On February 29, 2016, Dr. Stillwater diagnosed Plaintiff with a deviated nasal septum and chronic ethmoidal sinusitis with directions of septoplasty and endoscopic sinus surgery if other treatment modalities were not effective.

On March 7, 2016, Dr. Akanno submitted a physician request for services requesting septoplasty and endoscopic sinus surgery.  Despite Dr. Akanno's order, Defendant C. McCabe had Plaintiff get a second opinion.  Plaintiff alleges that this was contrary to the prescribed orders of Drs. Stillwater and Akanno.

On June 13, 2016, Plaintiff was seen by an ear, nose and throat specialist, Dr. Goodman.  Dr. Goodman recommended sinus surgery.

Plaintiff contends that although he has been suffering for 20 months, had conclusive diagnoses and three recommendations for septoplasty and endoscopic sinus surgery, he has not received surgery and is suffering daily.

### A.   Standard

The purpose of a preliminary injunction is to preserve the positions of the parties until the merits of the action are ultimately determined. Univ. of Texas v. Camenisch, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (quotations and citations omitted) (emphasis in original).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 101-02, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Lyons, 461 U.S. at 102. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the

1  rights of persons not before the court." <u>Zepeda v. United States Immigration Serv</u>., 753 F.2d 719, 727

2  (9th Cir. 1985).

3      The pendency of this action does not give the Court jurisdiction over prison officials in

4  general. <u>Summers v. Earth Island Institute</u>, 555 U.S. 488, 491–93, 129 S. Ct. 1142, 173 L. Ed. 2d 1

5  (2009); <u>Mayfield v. United States</u>, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is

6  limited to the parties in this action and to the viable legal claims upon which this action is proceeding.

7  <u>Summers</u>, 555 U.S. at 491–93; <u>Mayfield</u>, 599 F.3d at 969.

8          **B.    Analysis**

9      Plaintiff seeks a preliminary injunction against the staff at Corcoran State Prison related to his

10  medical treatment.  However, Plaintiff has not met the requirements for this relief.

11      The Court is required to screen complaints brought by prisoners seeking relief against a

12  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's

13  complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state

14  a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is

15  immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

16      In this matter, Plaintiff's most-recent amended complaint has been screened and the Court

17  determined that he has not yet stated any cognizable claims. No defendant has been ordered served,

18  and no defendant has yet made an appearance. Thus, the Court at this time lacks personal jurisdiction

19  over the prison officials at Corcoran State Prison, and it cannot issue an order requiring them to take

20  any action.

21      Further, Plaintiff is now housed at the California Substance Abuse and Treatment Facility, and

22  is no longer incarcerated at Corcoran State Prison. As a result, his claim for injunctive relief against

23  the medical staff or officials employed at Corcoran State Prison is likely moot. <u>See</u> <u>Holt v. Stockman</u>,

24  2012 WL 259938, *6 (E.D. Cal. Jan. 25, 2012) (a prisoner's claim for injunctive relief is rendered

25  moot when he is transferred from the institution whose employees he seeks to enjoin); <u>see</u> <u>also</u>

26  <u>Andrews v. Cervantes</u>, 493 F.3d 1047, 1053 n. 5 (9th Cir. 2007).

27  ///

28  ///

4

1

### III.     Conclusion and Recommendation

2     Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motion for a preliminary

3 injunction (ECF No. 6) be DENIED.

4     These Findings and Recommendation will be submitted to the United States District Judge

5 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14)**

6 **days** after being served with these Findings and Recommendation, Plaintiff may file written objections

7 with the court. The document should be captioned "Objections to Magistrate Judge's Findings and

8 Recommendation." Plaintiff is advised that failure to file objections within the specified time may

9 result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson

10 v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir.

11 1991)).

12

13 IT IS SO ORDERED.

14     Dated:   __July 18, 2017__            ___/s/ Barbara A. McAuliffe___

15                                          UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28